UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| JACK RAYMOND HEAVISIDE, and ) | Case No. 10-44264-659 |
| CHRISTINA LEE HEAVISIDE, ) | Chapter 13 |
| ) | |
| Debtors. ) | **PUBLISHED** |

**O R D E R**

The matter before the Court is Motion for (I) Determination that Automatic Stay Does Not Apply, or in the Alternative, for Relief from the Automatic Stay to Obtain Entry of Arbitration Award, and (II) for Relief from the Automatic Stay to Enforce Injunction in Arbitration Award; Trustee's Response to Motion for Relief; Amended Debtors' Response to Motion for (I) Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay to Obtain Entry of Arbitration Award, and (II) for Relief from the Automatic Stay to Enforce Injunction in Arbitration Award and Pray for Time Extension, Reply of Nutek International, Inc. to Amended Debtors' Response to Motion for (I) Determination that the Automatic Stay Does Not Apply, or in the Alternative, for Relief from the Automatic Stay to Obtain Entry of Arbitration Award, and (II) for Relief from the Automatic Stay to Enforce Injunction in Arbitration Award and Pray for Time Extension; Debtors' Brief in Response to Motion for Relief from the Automatic Stay, Reply Brief of Nutek International, Inc. in Support of its Motion for (I) Determination that the Automatic Stay Does Not Apply, or in the Alternative, for Relief from the Automatic Stay to Obtain Entry of Arbitration Award, and (II) for Relief from the Automatic Stay to Enforce Injunction in Arbitration Award. On June 28, 2010, a hearing was held on the matter at which both parties were represented by counsel and a briefing schedule was set. The matter was taken under submission. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT:**

NuTek International, Inc. (hereinafter "NuTek") is a Florida corporation engaged in the

business of ozone laundry systems. Debtor Jack Heaviside (hereinafter "Mr. Heaviside") was employed by NuTek from early 2004 to June 2008. Mr. Heaviside held the position of Vice President and was a member of NuTek's sales team. Mr. Heaviside's sales territory included the United States, Australia and Turkey. Throughout Mr. Heaviside's employment with NuTek, Mr. Heaviside was privy to confidential and proprietary information and processes developed by NuTek, to the inclusion of customer lists, pricing information and manufacturing and maintenance processes for ozone laundry systems and oxygenation processes. Mr. Heaviside also used a NuTek laptop, cellular phone, corporate credit card and he had access to notebooks with proprietary research information and company files.

Mr. Heaviside's Employment Contract with NuTek held several non-compete and privacy clauses. The relevant portions of the Employment Contract are as follows:

> Section 6.02. Employee shall not engage in any activity in competition with or adverse to the business of Employer in the United States without the prior written consent of Employer.
>
> Section 6.05. The terms and provisions of this Article VI shall apply during the Employment Term and for a period of two years following the termination or cancellation of this Agreement.
>
> Section 5.01. Title to the Confidential Information, including ownership rights to any and all patents, copyrights, trademarks and trade secrets therein or in connection therewith shall be the exclusive property of Employer...
>
> Section 3.06. Prior to the date scheduled for termination or cancellation of this Agreement, Employee shall return any and all copies fo Confidential Information in Employee's possession or control and any and all property or equipment of Employer in Employee's possession or control to Employer and shall provide Employer with a certificate of compliance with this section 3.06 signed by Employee.
>
> Section 5.03. Employee shall not disclose Confidential Information, except to Authorized Persons. Employee shall hold Confidential Information in strict confidence and shall not access, duplicate or use Confidential Information except to the extent necessary in performing services for the benefit of Employer, and pursuant to Employee's

2

employment by Employer.

On or about June 20, 2008, Mr. Heaviside resigned from his position with NuTek. NuTek thereafter alleged that Mr. Heaviside violated the non-compete and confidentiality clauses of the Employment Contract. NuTek also alleged that both before and after Mr. Heaviside's resignation from NuTek, he made unauthorized charges on NutTek's company credit card. NuTek further claimed that Mr. Heaviside did not turn over some of NuTek's property upon his resignation.

On July 14, 2008, NuTek filed an action against Mr. Heaviside in the Circuit Court of St. Louis County, Missouri wherein NuTek sought an injunction, replevin and damages for breach of contract, conversion and tortious interference with business relationships. A preliminary injunction was granted in NuTek's favor on August 1, 2008. Thereafter, Mr. Heaviside filed a motion to compel arbitration, to which NuTek submitted. NuTek filed the original documents to commence the arbitration. On February 18, 2010, NuTek also filed a motion to supplement its claims in the arbitration to include injunctive relief. Notice of the motion to supplement claims was properly provided to Mr. Heaviside via facsimile and via first-class mail though an attempt to provide notice via electronic mail was defective.

Arbitration took place in Jacksonville, Florida on April 7, 2010 (hereinafter "Arbitration Hearing") pursuant to the rules of the American Arbitration Association (hereinafter the "AAA"). Mr. Heaviside did not attend or participate in the Arbitration Hearing. At the conclusion of the Arbitration Hearing, the Arbitrator, Mr. Mattox Hair, made oral findings of fact and conclusions of law and announced that the award proposed by NuTek (hereinafter "Arbitration Award") would be entered as proposed. Specifically, Mr. Hair found that Mr. Heavisde violated the Employment Contract, that he used NuTek's credit card for personal expenses in the amount of $80,583.25 and that Mr. Heaviside failed to return NuTek property valued at $1,568.18. The Arbitration Award was forwarded to the AAA for entry. The Arbitration Award ordered the following:

      a. Mr. Heaviside is enjoined from disclosing to any third party any of NuTek's information and processes, including certain information contained on a CD marked under seal, for five years;

      b. Mr. Heaviside is enjoined from seeking or engaging in employment with any of NuTek's vendors, competitors, distributors, clients, or service relations in sales, installation, maintenance, or service of ozone laundry systems until December 31, 2010 in any part of the United States;

      c. Mr. Heaviside is liable for $99,719.55 in monetary damages to NuTek, including $93,873.20 in principal and interest respecting the unauthorized credit card charges and items taken from NuTek, $2,996.35 in sanctionable costs, and $2,850.00 in arbitration fees.

Debtors Jack and Christina Heaviside (hereinafter collectively "Debtors") filed for protection under Chapter 13 of the Bankruptcy Code on April 20, 2010. In consideration of Debtors' bankruptcy filing and the 11 U.S.C. § 362(a) automatic stay, the AAA refrained from entering the Arbitration Award. NuTek argues that because the Arbitration Hearing was concluded, entry of the Arbitration Award by the AAA is a purely ministerial act to which the automatic stay does not apply. In the alternative, NuTek seeks relief from the automatic stay to permit the AAA to enter and transmit the Arbitration Award. Trustee only objects to NuTek's Motion to the extent that NuTek seeks to collect any monetary judgment from Mr. Heaviside or Debtors' assets in any venue other than this Bankruptcy Court.

    First, Debtors argue that the automatic stay is valid, and that cause does not exist for this Court to lift the automatic stay and allow entry of the Arbitration Award. Debtors further object that notice of NuTek's supplemental claims presented in the Arbitration Hearing was deficient and thus, if the Arbitration Award were permitted to be entered, all portions of the Arbitration Award which comprise the requests advanced in NuTek's motion to supplement its claims should be striken. Debtors caution that entry of the Arbitration Award will result in Mr. Heaviside's unemployment and thus Mr. Heaviside's inability to fund Debtors' Chapter 13 plan. Debtors lastly argue that Mr. Heaviside's Employment Contract was only in effect until June 20, 2010 and this date should not

4

be extended as indicated in the Arbitration Award because no clause exists in the Bankruptcy Code or the Employment Contract to extend the Employment Contract beyond this date.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2010) and Local Rule 1002 and 7056 of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O) (2010). Venue is proper in this District under 28 U.S.C. § 1409(a) (2010).

## CONCLUSIONS OF LAW

As a threshold matter, this Court must determine whether entry of the Arbitration Award is a purely ministerial act, and thus entry thereof by the AAA does not violate the automatic stay. Under section 362 of the Bankruptcy Code, upon the filing of a bankruptcy petition, there is an automatic stay against the commencement or continuation of proceedings against the debtor or the debtor's property, including the enforcement of a judgment obtained before the commencement of the bankruptcy case or recovery of a claim against the debtor that arose before the commencement of the bankruptcy case. *See* 11 U.S.C. § 362(a) (2010).

In the matter at hand, the Arbitration Hearing took place and was concluded on April 7, 2010. Though Mr. Heaviside made the request for arbitration, he did not participate in the Arbitration Hearing. Mr. Heaviside argues that he had notice of the Arbitration Hearing but he did not have notice of the injunctive requests made by NuTek in its supplemental claims. Therefore, Mr. Heavisdide requests that all injunctive relief incorporated in the Arbitration Award be striken. The Court concludes that notice was adequate as Mr. Heaviside was served with NuTek's supplemental claims via facsimile at the facsimile number provided to the AAA in the arbitration and via first-class mail at the address used by Debtors in filing this bankruptcy case.

Upon conclusion of the Arbitration Hearing, the Arbitrator announced that the Arbitration Award which was proposed by NuTek would be entered. Debtors filed their bankruptcy petition

5

before the Arbitration Award was entered. The only act which remains in the arbitration therefore is entry and transmission of the Arbitration Award.

The AAA rightfully exercised caution in halting entry of the Arbitration Award in light of Debtors' bankruptcy filing and the automatic stay. However, several courts have held that after conclusion of the adjudication of a matter, the mere entry of the order to follow is a ministerial act to which an automatic stay does not apply. See *In re Miglia,* 345 B.R. 919, 923 (Bankr. N.D. Iowa 2006); see also *In re Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 527 (2d Cir. 1994); *In re Soares,* 107 F.3d 969, 973-75 (1st Cir. 1997). A ministerial act is "an act performed without the independent exercise of discretion or judgment." Black's Law Dictionary 28 (9th ed. 2010). Thus, it is an act that is essentially clerical in nature. Here, as all deliberations, adjudication and determinations in the Arbitration Hearing had concluded at the time that Debtors filed their bankruptcy petition, there was no continuation of a proceeding to which the automatic stay under 11 U.S.C. § 362(a)(1) would apply. Entry of the Arbitration Award does not violate the Bankruptcy Code.

In this jurisdiction, arbitration awards have the same effects under the rules of *res judicata* as a judgment of a court, subject to the same exceptions and qualifications. See *Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168-69 (8th Cir. 1989), *reh'g denied* (Apr. 24, 1989); see also *U.S. West Fin. Servs., Inc. v. Buhler, Inc.,* 150 F.3d 929, 932 (8th Cir. 1998). Therefore, if an award were entered by the AAA, the doctrine of collateral estoppel would be in effect. As such, the entirety of the Arbitration Award to be entered by the AAA against Mr. Heaviside will be *res judicata,* to the inclusion of the extension of the injunction against Mr. Heaviside beyond June 20, 2010.

As this Court has jurisdiction of Debtors' bankruptcy estate, upon entry of the Arbitration Award, any attempt at enforcement of the Arbitration Award outside of this Bankruptcy Court without first obtaining relief from the automatic stay from this Court will be a violation of the automatic stay. Upon entry of the Arbitration Award, NuTek may bring forth its claim in this Bankruptcy Court or take

other action as it deems appropriate. Therefore,

**IT IS ORDERED THAT** Nutek's Motion for (I) Determination that Automatic Stay Does Not Apply, or in the Alternative, for Relief from the Automatic Stay to Obtain Entry of Arbitration Award, and (II) for Relief from the Automatic Stay to Enforce Injunction in Arbitration Award is **GRANTED IN PART** in that the automatic stay does not apply to entry of the Arbitration Award; and **DENIED IN PART** in that the automatic stay is not lifted for NuTek to pursue all avenues for enforcement of the Arbitration Award.

_____
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: August 30, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

David Nelson Gunn
Law Offices of Mueller & Haller, LLC
DBA The Bankruptcy Company
1600 S. Brentwood, Ste 725
Brentwood, MO 63144

Marshall C. Turner
Husch Blackwell Sanders LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105

Jack and Christina Heaviside
930 Campion Lane
Florissant, MO 63031

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

7